UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
APR 03 2023
LAURA A. AUSTIN, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

| | |
|---|---|
| **ALEXANDER CRICHLOW** (Inmate # 2047712),<br><br>    Plaintiff,<br><br>v.<br><br>**HAROLD W. CLARKE**, Director, Virginia Department of Corrections, in his official capacity only;<br><br>**A. DAVID ROBINSON**, Chief of Corrections Operations, Virginia Department of Corrections, in his official and individual capacities;<br><br>**BARRY KANODE**, Warden, Green Rock Correctional Center, in his official capacity only;<br><br>and<br><br>**DOUGLAS HUFF**, Chaplain, Green Rock Correctional Center, in his official and individual capacities;<br><br>    Defendants. | Case No. 4:23CV00006<br><br>Hon.: Elizabeth K. Dillon<br><br>Magistrate<br><br>**COMPLAINT AND JURY DEMAND** |

**COMPLAINT**

Plaintiff **ALEXANDER CRICHLOW**, by and through his attorneys CAIR Legal Defense Fund (CAIR), brings this action against Defendants **HAROLD W. CLARKE, A. DAVID ROBINSON, BARRY KANODE, and DOUGLAS HUFF** for violations of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq.*, pursuant to 28 U.S.C. § 1331, and states as follows:

1

## Introduction

1. During this year's Ramadan, which started on March 22, 2023 and lasts a month, prison officials at Green Rock Correctional Center are distributing meals before dawn and at sunset as part of the facility's efforts to accommodate fasting Muslims. They also allow scores of Muslims to congregate together for brief evening prayers.

2. And yet, they are providing the accommodations only to people on a list that Plaintiff Alexander Crichlow cannot join.

3. In January, Plaintiff Alexander Crichlow converted to Islam. After becoming Muslim, Plaintiff repeatedly asked officials at Green Rock Correctional Center to add him to the prison's "Ramadan Accommodations List," so that he could receive the same religious accommodations that Green Rock officials provide to other Muslims during Ramadan. Mr. Crichlow knew that prison officials had previously announced a November 18, 2022 deadline to sign up for the List. But given his recent conversion and the months of advance notice, he expected that Green Rock officials would do the easy thing and add him to the List.

4. They did not. Instead, prison officials pointed to a statewide policy—Chief of Corrections Operations Memorandum 086-2022—that established the November 18, 2022 deadline for Muslims at Green Rock to request that their name be added to the Ramadan Accommodations List. But last November, Plaintiff was not yet Muslim and could not request that his name be added to the list.

5. The Religious Land Use and Institutionalized Persons Act (RLUIPA) forbids the senseless rigidity of Defendants' policy. When government officials can easily accommodate a plaintiff's religious exercise—as Defendants can here, by simply adding Mr. Crichlow's name to the List—RLUIPA demands that they do so. There is nothing hard about providing Mr. Crichlow exactly what Defendants already provide dozens of other Muslims.

## Jurisdiction and Venue

6. This Court has federal question jurisdiction over Mr. Crichlow's claims of violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, *et seq.*, under 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 1983, and 42 U.S.C. § 2000cc-2(a).

7. This Court has personal jurisdiction over Defendants because Defendants reside and conduct business in the State of Virginia.

8. Mr. Crichlow's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, 28 U.S.C. § 1343, 42 U.S.C. § 2000cc-2(a), Federal Rules of Civil Procedure 57 and 65, and by the general, legal, and equitable powers of this Court.

9. Mr. Crichlow's claims for damages are authorized by 28 U.S.C. § 1343, 42 U.S.C. § 2000cc-2(a), and 42 U.S.C. § 1983.

10. Mr. Crichlow's claims for costs and attorneys' fees are authorized by 42 U.S.C. § 1988.

11. Venue is proper under 28 U.S.C. § 1391 as to all Defendants because Plaintiff and Defendants reside within the geographical boundaries of the State of Virginia, and the substantial part of the acts described herein occurred within this District.

## Plaintiff

12. Plaintiff Alexander Crichlow is an individual, a Muslim, and an inmate at Green Rock Correctional Center (Inmate # 2047712), a resident of Chatham, Virginia, and was at all relevant times considered a "person confined to an institution" as the term is defined in 42 U.S.C. § 2000cc *et seq.*

## Defendants

13. Defendant Harold Clarke is the Director of the Virginia Department of Corrections. Defendant Clarke is sued in his official capacity only.

14. Defendant A. David Robinson is the Chief of Corrections Operations of the Virginia Department of Corrections. Defendant Robinson is sued in both his official and individual capacities.

15. Defendant Barry Kanode is the Warden of Green Rock Correctional Center. Defendant Kanode is sued in his official capacity only.

16. Defendant Douglas Huff is a prison chaplain at Green Rock Correctional Center. Defendant Huff is sued in both his official and individual capacities.

## Nature of This Action

17. This is an action for declaratory relief, injunctive relief, and damages arising under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, *et seq*. Mr. Crichlow seeks costs and attorneys' fees under 42 U.S.C. § 1988.

18. Defendants adopted, implemented, maintained, and enforced a policy, custom, and practice of denying Ramadan accommodations to incarcerees who converted to Islam after the arbitrary deadline to sign up for the "Ramadan Accommodations List," which fell over four months before the start of Ramadan.

19. Defendants' actions have substantially burdened Mr. Crichlow's religious practices by impeding his ability to fast from dawn to sunset and engage in congregational prayer during the holy month of Ramadan.

20. Defendants have not, and cannot, identify a compelling governmental interest in denying Ramadan accommodations to incarcerees who convert to Islam after the arbitrary signup deadline.

## Factual Background

### Ramadan is one of the Five Pillars of Islam

21. Ramadan is the ninth month of the Islamic calendar and the holy month of fasting.

22. Muslims worldwide observe Ramadan as a month of fasting, in keeping with one of the five pillars of Islam. During Ramadan, Muslims refrain between dawn and sunset from eating and drinking, among other activities.

23. At sunset, Muslims gather to break their fast and perform evening prayers.

24. In 2023, Ramadan lasts from the evening of March 22 until approximately April 21.

### Defendants refuse to place Mr. Crichlow on the Ramadan Accommodations List after his conversion to Islam

25. Mr. Crichlow converted to Islam in January 2023 and is observing Ramadan's fast this year. As part of his faith, during the ongoing holy month of Ramadan, Mr. Crichlow fasts from dawn until sunset.

26. During the fall of 2022, Mr. Crichlow learned that Defendants keep a "Ramadan Accommodations List." Defendants help Muslims who are on this list observe Ramadan by providing them meals before dawn and after sunset and giving them permission to pray in congregation every evening. The sign up deadline for the "Ramadan Accommodations List" was November 18, 2022.

27. Because Mr. Crichlow had not yet converted to Islam, he did not sign up for the Ramadan Accommodations List by November 18, 2022.

28. After Mr. Crichlow converted to Islam in January 2023, he began attending Jumu'ah (weekly congregational prayer) services on Fridays.

29. At those services, Mr. Crichlow, along with approximately twenty other Muslims who had not signed up for the list before November 18, 2022, worked together to ask Defendants to provide them Ramadan accommodations, repeatedly submitting a list of names to Chaplain Huff four separate times between January and the beginning of Ramadan. Each time, Chaplain Huff refused to add any names to the list.

30. Upon information and belief, in rejecting Mr. Crichlow's requests to be placed on the Ramadan Accommodations List, Chaplain Huff followed official department policy—the directive of the Chief of Corrections Operations Memorandum 086-2022.

31. This policy directs all Virginia Department of Corrections facilities to deny people, like Plaintiff, who convert to Islam after November 18, 2022 access to the Ramadan Accommodations List.

32. Upon information and belief, Defendant Robinson approved and implemented Chief of Corrections Operations Memorandum 086-2022.

**Defendants serve Mr. Crichlow only one meal per day that he can eat during Ramadan**

33. When Ramadan began on the evening of March 22, Muslims on the Ramadan Accommodations List received a variety of accommodations.

34. Muslims on the Ramadan Accommodations List have their pre-dawn meals delivered by Green Rock staff to their pods every morning at approximately 4am, allowing them to eat before the sun rises when they begin their fasts, as their sincerely-held religious beliefs require.

35. Muslims on the Ramadan Accommodations List are provided with passes to gather for evening prayers in the gym every evening at sunset.

36. Also at sunset, Muslims on the Ramadan Accommodations List are allowed to pick up a double serving of dinner in the chow hall so that they may eat after the sun sets, as their sincerely-held religious beliefs require.

37. However, even though Mr. Crichlow is Muslim and shares those same sincerely-held religious beliefs, he has not received any religious accommodations during Ramadan.

38. He has not received a pre-dawn meal or a meal after sunset at any point during Ramadan.

39. He does not receive double portions of dinner during Ramadan.

40. He has not been allowed to join other Muslims in congregational prayer at sunset during Ramadan.

41. Rather, Mr. Crichlow receives meals only when he is fasting and cannot eat them.

42. To supplement the small amount of food that he can save and eat each day from Green Rock's normal meal delivery schedule, Mr. Crichlow purchases food from the commissary with his own money.

### Mr. Crichlow exhausts his administrative remedies

43. A few days into Ramadan, Mr. Crichlow submitted an emergency grievance regarding Defendants' refusal to provide him with Ramadan accommodations, even though he converted to Islam after the November 18, 2022 deadline to sign up for the Ramadan Accommodations List.

44. Within several hours, he received a written response to that grievance from Chaplain Huff, which denied the grievance.

45. Chaplain Huff's response stated as follows: "The Chief of Corrections Operations Memorandum Number 086-2022, which addresses Ramadan 2023, does not make provision to participate in Ramadan for those who choose to convert to Islam after the open enrollment deadline of the quarter in which sign up for Ramadan occurs. It states 'VA DOC inmates who sign up for any of the religious activities eligible to observe Ramadan 2023 after the November 18, 2022 sign up will not be able to participate until 2024.'"

46. There are no available mechanisms to appeal or otherwise challenge Chaplain Huff's rejection of Mr. Crichlow's emergency grievance.

### Count I

### VIOLATION OF THE RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT
**(Against official capacity defendants)**

47. Plaintiff repeats and re-alleges the foregoing paragraphs, as though fully set forth herein.

48. The Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq.*, protects incarcerees' right to practice their faith. Under RLUIPA, the government may not impose a substantial burden on an incarcerated person's religious practice unless that burden is narrowly tailored to serving a compelling governmental interest.

49. By adopting, implementing, maintaining, and enforcing the Chief of Corrections Operations Memorandum 086-2022, Defendants imposed a substantial burden on Mr. Crichlow's ability to practice his faith.

50. As a direct result of Defendants' actions, Mr. Crichlow does not receive meals when he can eat them. For people not on the Ramadan Accommodations List, Defendants

serve breakfast, lunch, and dinner during daylight hours, and, during Ramadan, that is when Muslims, like Mr. Crichlow, are fasting.

51. Because Mr. Crichlow is not on the Ramadan Accommodations List, Defendants prohibit Mr. Crichlow from joining other Muslims in the gym to offer evening prayers in congregation and from receiving the sunset meals offered to fasting Muslims on the Ramadan Accommodations List.

52. Defendants do not, and cannot, assert a compelling governmental interest in refusing to provide Mr. Crichlow with same Ramadan accommodations it is providing to other Muslims just because he converted to Islam after the arbitrary sign up deadline for the Ramadan Accommodations List.

## Count II
### VIOLATION OF THE RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT
**(Against Defendant Robinson in his individual capacity)**

53. Plaintiff repeats and re-alleges the foregoing paragraphs, as though fully set forth herein.

54. In his capacity as the Chief of Corrections Operations, Defendant Robinson was the final decisionmaker responsible for adopting, implementing, and maintaining the Chief of Corrections Operations Memorandum Number 086-2022 and its ban on providing Ramadan accommodations to incarcerees who convert to Islam after the arbitrary sign up deadline.

55. By adopting, implementing, and maintaining the Chief of Corrections Operations Memorandum 086-2022, Defendant Robinson imposed a substantial burden on Mr. Crichlow's ability to practice his faith.

56. As a direct result of Defendant Robinson's actions, Mr. Crichlow does not receive meals when he can eat them. For people not on the Ramadan Accommodations List, Defendants serve breakfast, lunch, and dinner during daylight hours, and, during Ramadan, that is when Muslims, like Mr. Crichlow, are fasting.

57. Because Mr. Crichlow is not on the Ramadan Accommodations List, Defendant Robinson prohibits Mr. Crichlow from joining other Muslims in the gym to offer evening prayers in congregation and from receiving the sunset meals offered to fasting Muslims on the Ramadan Accommodations List.

58. Defendant Robinson does not, and cannot, assert a compelling governmental interest in refusing to provide Mr. Crichlow with Ramadan accommodations when he converted to Islam after the arbitrary sign up deadline for the Ramadan Accommodations List.

### Count III

**VIOLATION OF THE RELIGIOUS LAND USE
AND INSTITUTIONALIZED PERSONS ACT
(Against Defendant Huff in his individual capacity)**

59. Plaintiff repeats and re-alleges the foregoing paragraphs, as though fully set forth herein.

60. In his capacity as a chaplain at Green Rock Correctional Center, Chaplain Huff was responsible for determining which incarcerees were granted religious accommodations for Ramadan.

61. In his capacity as a chaplain at Green Rock Correctional Center, Chaplain Huff enforced the Chief of Corrections Operations Memorandum 086-2022 and its ban on providing Ramadan accommodations to incarcerees who convert to Islam after the arbitrary sign up deadline.

62. By enforcing the Chief of Corrections Operations Memorandum 086-2022 and denying Mr. Crichlow's repeated attempts to request Ramadan accommodations after his January 2023 conversion to Islam, Chaplain Huff imposed a substantial burden on Mr. Crichlow's ability to practice his faith.

63. As a direct result of Chaplain Huff's actions, Mr. Crichlow does not receive meals when he can eat them. For people not on the Ramadan Accommodations List, Defendants serve breakfast, lunch, and dinner during daylight hours, and, during Ramadan, that is when Muslims, like Mr. Crichlow, are fasting.

64. Because Mr. Crichlow is not on the Ramadan Accommodations List, Chaplain Huff prohibits Mr. Crichlow from joining other Muslims in the gym to offer evening prayers in congregation and from receiving the sunset meals offered to fasting Muslims on the Ramadan Accommodations List.

65. Chaplain Huff does not, and cannot, assert a compelling governmental interest in refusing to provide Mr. Crichlow with Ramadan accommodations when he converted to Islam after the arbitrary sign up deadline for the Ramadan Accommodations List.

## Prayer for Relief

66. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants, on each and every count in this Complaint, and enter an Order awarding the following relief:

   a. A declaratory judgment that Chief of Corrections Operations Memorandum 086-2022 violates the Religious Land Use and Institutionalized Persons Act (RLUIPA) and 42 U.S.C. § 1983;

   b. An injunction enjoining Defendants from enforcing Chief of Corrections Operations Memorandum Number 086-2022 and requiring them to add

Muslims, including Plaintiff, to the Ramadan Accommodations List upon request.

c. An award of compensatory and punitive damages against the Defendants sued in their individual capacities pursuant to 28 U.S.C. § 1343, 42 U.S.C. § 2000cc-2(a), and 42 U.S.C. § 1983;

d. An award of attorneys' fees, costs, and expenses predicated upon 42 U.S.C. § 1988; and

e. Any further relief to which Plaintiff is entitled or that this Court deems just and proper.

## JURY DEMAND

NOW COMES Plaintiff, by and through his undersigned counsel, and hereby demands a trial by jury of the above-referenced causes of action.

Dated: April 3, 2023                    Respectfully submitted,

                                                   s/ Gadeir Abbas
Gadeir Abbas*
   gabbas@cair.com
Justin Sadowsky
   jsadowsky@cair.com
Hannah Mullen^
   hmullen@cair.com
Attorneys for Plaintiff Alexander Crichlow
CAIR LEGAL DEFENSE FUND
453 New Jersey Ave., S.E.
Washington, DC 20003
Telephone: (202) 742-6420


*licensed in VA; not in DC
^pro hac vice forthcoming